UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., )<br>ex rel   VEN-A-CARE OF THE )<br>FLORIDA KEYS, INC. and )<br>JOHN M. LOCKWOOD, M.D., )<br>                                     )<br>         Plaintiffs,            )<br>                                     )<br>         v.                         )<br>                                     )<br>                                     )<br>ASTRAZENECA LP, et al.,   )<br>                                     )<br>         Defendants.         ) | 10-CV-480-SM-10852 |

**STIPULATION OF DISMISSAL OF ACTION AGAINST ALL DEFENDANTS AND MOTION FOR ORDER OF DISMISSAL**

The above-captioned matter is an action brought on behalf of the United States under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. §§ 3729-3733 and the similar laws of the State of California, The State of Delaware, The District of Columbia, The State of Florida, The State of Hawaii, The State of Illinois, The State of Indiana, The State of Louisiana, The Commonwealth of Massachusetts, The State of Montana, The State of Nevada, The State of New Hampshire, the State of New Mexico, The State of New York, The State of Tennessee, The Commonwealth of Virginia and the State of Wisconsin (hereinafter referred to collectively as the "States"), by Relator Ven-A-Care of the Florida Keys, Inc. and its officer and director John M. Lockwood, M.D. (collectively the "Relator") against AstraZeneca LP, AstraZeneca Pharmaceuticals LP, Astra Pharmaceuticals, LP, AstraZeneca USA, Inc., Astra USA, Inc., and AstraZeneca PLC  (collectively "AstraZeneca" or "Defendants").  (Defendants together with Relator, collectively the "Parties").

1

Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b) (1) and The California False Claims Act, Cal. Gov't Code § 12650 *et seq.*, and in accordance with the terms of this Stipulation and their Agreement to Dismissal and Release attached hereto as **Exhibit A**, the Parties hereby stipulate to the entry of an order dismissing the Relator's action against the Defendants with prejudice to the Relator and without prejudice to the United States and the States and further stipulate:

1.) The Relator commenced this action under seal pursuant to the *qui tam* provisions of the False Claims Act and similar provisions of statutes of the States. Thereafter, the Relator served the United States in the manner required to perfect a *qui tam* action; however, of the States, the Relator has thus far only served the State of California. The United States filed its Notice of Election to Decline to Intervene on November 30, 2012 and the State of California has not yet notified the Court as to whether it will intervene. The Court entered an Order unsealing this action on December 11, 2012 and indicated therein that the Parties may dismiss this action upon such approval of the Attorney General as may be required by applicable law.  31U.S.C. §3730 (b) (1) provides, in pertinent part: "The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their  reasons for consenting."

2.) The Parties request that the United States and the Court consent to the dismissal of this action because: the Relator's allegations have been thoroughly investigated by the United States and the Parties are in agreement that, based on the circumstances revealed to them during the government's investigation, if any amount is owed by the Defendants that is related to the Relator's allegations, such amount should be

determined through the existing administrative process and not in the context of an action pursuant to the False Claims Act. Accordingly, the Parties have entered into the Agreement to Dismissal and Release attached hereto as **Exhibit A** and ask that the Court approve it.

3.) Counsel for the United States and the State of California have informed counsel for the Relator that they will file separate notices consenting to this dismissal for the reasons stated above.

WHEREFORE, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3730(b) (1), the Parties respectfully request that the Court enter an order in the form attached hereto as Exhibit **B** dismissing this action with prejudice to the Relator and without prejudice to the United States and the States.

Respectfully submitted,

Counsel for Ven-A-Care of the Florida Keys, Inc. and John M. Lockwood, M.D.

Dated:  March 5, 2013

 /s/  Steven E. Grill
Steven E. Grill, Esq. (Bar No. 7896)
DEVINE, MILLIMET & BRANCH, PROFESSIONAL ASSOCIATION
111 Amherst Street
Manchester, NH  03105-0719
(603) 669-1000
sgrill@devinemillimet.com

 /s/  James J. Breen
James J. Breeen, Esq., *admitted pro hac vice*
THE BREEN LAW FIRM, P.A.
5755 North Point Parkway, Suite 260
Alpharetta, GA 30022
(770) 678-735-5052
jbreen@breenlaw.com

3

                                                    Counsel for AstraZeneca LP, AstraZeneca Pharmaceuticals LP, Astra Pharmaceuticals, LP, AstraZeneca USA, Inc., Astra USA, Inc., and AstraZeneca PLC

Dated: March 5, 2013               /s/ Geoffrey E. Hobart
                                               Geoffrey E. Hobart, Esq.
                                               COVINGTON & BURLING LLP
                                               1201 Pennsylvania Avenue, NW
                                               Washington, D.C. 20004
                                               Office: 202-662-5281
                                               ghobart@cov.com

## CERTIFICATE OF SERVICE

      I hereby certify that I served a copy of the foregoing Stipulation via the Court's Electronic Case Filing system upon counsel of record in this matter. In addition, a copy of the within Stipulation and Exhibits are being served upon Attorney Geoffrey E. Hobart by email and regular mail, because although he is a signatory to the Stipulation, he is not counsel of record herein.

Dated: March 5, 2013               /s/ Steven E. Grill
                                               Steven E. Grill, Esq.